## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| TATIA THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 10-2475-STA-tmp |
| | ) |
| CITY OF MEMPHIS; OFFICER | ) |
| D. ADAMS, Individually and in his | ) |
| Official Capacity; OFFICER M. HOWARD, | ) |
| Individually and his Official Capacity; and | ) |
| OFFICER T. MONISTERE, Individually | ) |
| and in his Official Capacity, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANT CITY OF MEMPHIS'S MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING DEFENDANT OFFICERS' MOTION TO DISMISS

Before the Court is Defendant City of Memphis's Motion for Judgment on the Pleadings (D.E. # 10-1) filed on July 11, 2011, and the Defendant Officers' separate Motions to Dismiss (D.E. # 11 & 12) filed on July 15, 2011, and July 25, 2011, respectively.  Plaintiff has responded in opposition to all Motions on September 26, 2011.  For the reasons set forth below, Defendants' Motions are **GRANTED.**

### BACKGROUND

Plaintiff brought this suit pursuant to 28 U.S.C. §1346(b)(1), 28 U.S.C. § 1983, and the Tennessee Government Tort Liability Act ("GTLA"), alleging various theories of recovery under Tennessee law.  (D.E. # 1-1 at 1.)  According to the Complaint, on June 5, 2008, at approximately

1

3:45 p.m., Plaintiff was discussing a matter with the administration at the Tennessee School of Cosmetology ("school").  (D.E. #1-1 at 2.)  Someone at the school summoned law enforcement while Plaintiff was there.  *Id.*  When the Defendant Officers Adams, Howard, and Monistere arrived at the school, the parties attempted to explain the circumstances and inform the officers that police were no longer needed.  (D.E.# 1-1 at 2-3.)  Despite the parties' attempts to explain the situation, one "officer grabbed [Plaintiff] by the arm, slammed her to the ground, and started (sic) punching her." (D.E.#1-1 at 3.)  Plaintiff was handcuffed and sustained injuries.  *Id.*  At that point, the officers "agreed and stated they (sic) 'need to charge her with something.'"  *Id.*  Plaintiff was ultimately charged with assault, disorderly conduct, criminal trespass, and resisting official detention.  *Id.* Plaintiff alleges state law claims against the Defendant Officers, including a cause of action under the Tennessee Human Rights Act, negligence, excessive force, false arrest, false imprisonment, negligent infliction of emotional distress, and intentional infliction of emotional distress.  (D.E. #1-1 at 1.)

In addition to alleging that Defendant Officers Adams, Howard, and Monistere violated her constitutional rights, Plaintiff alleges that the City of Memphis is liable pursuant to 42 U.S.C. § 1983.  *Id.* at 3-4. Specifically, Plaintiff alleges that Defendant failed to provide adequate training or supervision and that its failure to do so has resulted in repeated excessive force claims and that Defendant was aware of the officers' deficiencies but failed to take remedial action and provide adequate training.  *Id.* at 3-5.

In its Motion for Judgment on the Pleadings, the City of Memphis argues that 28 U.S.C. § 1346 is not applicable in this case because Plaintiffs have not made any allegations against the United States or its employees.  (D.E. # 10-1 at 3.)  Second, the City of Memphis contends Plaintiff

has failed to state a claim pursuant to 28 U.S.C. § 1983 due to the fact that Plaintiff's allegations are conclusory and without any factual support. *Id.* at 3-5. Third, the City of Memphis requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id*. at 5. Should the Court consider the state law claims, the City argues that Plaintiff has failed to state a claim pursuant to the Tennessee Human Rights Act. *Id*. at 6. The City of Memphis points to the numerous tort claims in the Complaint and contends that each of the claims arose from civil rights; therefore, the City argues they have immunity from these claims under the Tennessee Government Tort Liability Act. *Id.* at 7.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed– but early enough not to delay trial– a party may move for judgment on the pleadings."[1] Motions for judgment on the pleadings may be granted where the moving party "is entitled to judgment as a matter of law."[2] Just as with Rule 12(b)(6) motions, the Court must consider a Rule 12(c) motion by taking all the "well-pleaded material allegations of the pleadings of the opposing party" as true.[3] A pleading's factual allegations must be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible,

---

[1] Fed. R. Civ. P. 12(c). Plaintiff cites Tennessee procedural law in her response to the City of Memphis's Motion for Judgement on the Pleadings. However, as a federal court, this Court is bound to apply the Federal Rules of Civil Procedure to all procedural issues.

[2] *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir.), vacated on other grounds, 399 F. App'x 49 (6th Cir. 2010).

[3] *Id.*

i.e., more than merely possible.[4]  However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations the elements a cause of action sufficient.[5]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[6]

## ANALYSIS

### I. 28 U.S.C. § 1346(b)(1)

Plaintiff's reliance on 28 U.S.C. § 1346(b)(1), also known as the Federal Tort Claims Act, as a basis for jurisdiction is misplaced.  That section reads in pertinent part that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States."[7]  Nothing in the plain language of the statute or jurisprudence of this Circuit would create a cause of action against a state or local government entity under the Federal Tort Claims Act.  There is no allegation in the Complaint that would implicate the federal government of the United States or any of its employees.  Therefore, the Court finds that Plaintiff has failed to state any cause of action pursuant to this statute.

---

[4] *Fitz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)).

[5] *Hensley Mfg. V. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[6] *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly*, 127 S. Ct. at 1964-65).

[7] 28 U.S.C. § 1346(b)(1).

4

## II. Section 1983 Claims Against the City of Memphis

Plaintiff's only remaining federal cause of action against Defendant City of Memphis is her §1983 claim for violation of her Fourth and Fourteenth Amendment rights.[8]  Construing the Complaint in the light most favorable to the Plaintiff and accepting all factual allegations as true, the Court concludes that the Plaintiff has failed to state a claim against the City of Memphis.  Section 1983 creates a cause of action when there is a deprivation "of any rights, privileges, or immunities secured by the Constitution," as a result "of any statute, ordinance, regulation, custom, or usage of any State."[9]  In cases of local government liability, a plaintiff must allege the following: (1) that the plaintiff has suffered a deprivation of a constitutional right; and (2) the local government is responsible for that violation.[10]  Furthermore, a local government entity, such as a municipality, "is not vicariously liable under § 1983 for the constitutional torts of its agents: it is only liable when it can be fairly said that the [entity] itself is the wrongdoer."[11]  Instead, a plaintiff must allege that the

---

[8] Neither Plaintiff's Complaint nor Response specifically contends that the § 1983 claim stems from a violation of her Fourth and Fourteenth Amendment rights, however, the Court will infer that her assertion of the § 1983 claim includes an alleged violation of the Fourth and Fourteenth Amendment. Otherwise, the violation of the Fourth Amendment would not apply to the Defendant, a state government entity, without the incorporation doctrine of the Fourteenth Amendment.

[9] 42 U.S.C. § 1983.

[10] *Doe v. Claiborne County, Tenn By and Through Claiborne County Bd. of Educ.*, 103 F.3d 495, 505-506 (6th Cir. 1996).

[11] *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121 (1992).  *See also Jett v. Dallas Independent School District*, 491 U.S. 701, 726-29 (1989) (discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (rejecting simple vicarious liability for municipalities under § 1983).

constitutional tort was a result of a policy or custom of the local government entity itself.[12]

In order to establish the second prong of her § 1983 claim, Plaintiff must show that the City of Memphis was responsible for the alleged constitutional deprivations.  A municipality cannot be held liable pursuant to § 1983 under the theory of *respondent superior* for the actions of its employees.[13]  For a municipality to be liable under § 1983, the local government's policy or custom must be the "moving force of a constitutional violation."[14]  A "custom" for purposes of *Monell* liability must "be so permanent and well settled as to constitute a custom or usage with the force of law."[15]  In turn, the notion of the "law" must include "[d]eeply embedded traditional ways of carrying out state policy."[16]  It must reflect a course of action deliberately chosen from among

---

[12] *City of St. Louis v. Praprotnik*, 458 U.S. 112, 122 (1988) (interpreting rejection of *respondeat superior* liability by *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (same); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing *Pembaur*).

[13] *Monell*, 436 U.S. at 691.

[14] *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1982) (quoting *Monell*, 436 U.S. at 694).

[15] *Monell*, 436 U.S. at 691 (internal quotation marks and citations omitted); *see also Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir.), *cert. denied*, 510 U.S. 826, 114 S. Ct. 90, 126 L.Ed.2d 57 (1993).

[16] *Nashville, Chattanooga & St. Louis Ry. Co. v. Browning*, 310 U.S. 362, 369, 60 U.S. 968, 972, 84 L. Ed. 1254 (1940).

various alternatives.[17]  In short, a "custom" is a "legal institution" not memorialized by written law.[18]  Additionally, Plaintiff must show a direct causal link between the custom and the constitutional deprivation, that is, "the particular injury was incurred because of the execution of that policy."[19]

The inadequacy of police training may serve as the basis for § 1983 liability, but only where the failure to train "amounts to deliberate indifference to the rights of persons with whom the police came into contact."[20]  Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a "policy or custom" under § 1983.[21]

"To succeed on a failure to train or supervise claim, a plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was a result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury."[22]  In order to make these showings, the "plaintiff [must] do more than point to something the city could have done to prevent the unfortunate incident."[23]  To show deliberate

---

[17] *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 2436, 85 L. Ed. 2d 791 (1985).

[18] *Feliciano*, 988 F.2d at 655.

[19] *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993) (citation omitted), cert. denied, 510 U.S. 1177, 114 S. Ct. 1219, 127 L. Ed. 2d 565 (1994).

[20] *Slusher v. Carson*, 540 F.3d 449, 457 (6 th Cir. 2008) (quoting *City of Canton*, 489 U.S. at 338).

[21] *Cherrington v. Skeeter*, 334 F. 3d 631, 646 (6th Cir. 2003).

[22] *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992)).

[23] *Kahlich v. City of Grosse Pointe Farms*, 120 F. App'x 580, 585 (6th Cir. 2005).

indifference, Plaintiff must show prior instances of unconstitutional conduct demonstrating that the City has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.[24]   In the alternative, "a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability."[25]

Just as with a motion to dismiss, Plaintiff must state a claim for relief that is plausible on its face to survive a motion for judgment on the pleadings.[26] A claim is plausible when the plaintiff pleads the facts that allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[27]   This plausibility standard is not a "probability requirement," but rather requires more than a sheer possibility of unlawful actions.[28] If a complaint pleads facts that are "merely consistent with" liability, it "stops short of the line between possibility and plausibility of relief."[29]

Applying the *Iqbal* pleading standard, the Court holds that the Plaintiff has failed to allege plausible § 1983 claims against the City of Memphis.   The Court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of the

---

[24] *Plinton v. Cnty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) (citations and quotations marks omitted).

[25] *Plinton*, 540 F. 3d at 464 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)).

[26] *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955).

[27] *Id.*

[28] *Id.*

[29] *Id.*

truth."[30]  Plaintiff's claims regarding Defendant City of Memphis' custom, policy or practice related to excessive force, training and delegation of authority amount to legal conclusions without additional factual assertions of any kind. In fact, the Court finds that all of the Plaintiff's allegations are nothing more than formulaic recitations of the element of a § 1983 claim.  For this reason alone, Plaintiff's claim should be dismissed.[31]

It is true that Plaintiff has alleged some of the circumstances surrounding her arrest.  Yet other than to deny that the City of Memphis had policies on the use of force, the Complaint is devoid of any facts indicating that Memphis had a "policy" of condoning excessive force or that Memphis was aware of any of the officers' deficiencies.  In short, Plaintiff's Complaint contains

> no facts . . . that reasonably describe a specific policy or custom of the City [] that violated [Plaintiff's] constitutional rights. Instead, [the pleading] merely recites the elements of a cause of action to hold the City [] responsible for the actions of its employees. This is precisely the type of claim that is not actionable in a § 1983 action.[32]

As a result, Plaintiff's pleadings have "sto[ped] short of the line between possibility and plausibility"

---

[30] *Iqbal*, 129 S. Ct. at 1950.

[31] *See Birgs v. City of Memphis*, 686 F. Supp. 2d 776, 780-781 (W.D. Tenn. 2010) ("Stripped of legal language, Plaintiff's Complaint contains no facts that could plausibly lead one to believe that the City deliberately ignored a history of abuse by officers in the Memphis Police Department.").

[32] *Buster v. City of Cleveland*, No. 09-1953, 2010 WL 330261, at *9 (N.D. Ohio Jan. 21, 2010) (dismissing claim of *Monell* liability which only "tenders naked assertions devoid of further factual enhancement"). *See also Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir.2005)("The danger in appellant's argument is that they are attempting to infer a municipal-wide policy based solely on one instance of potential misconduct. This argument, taken to its logical end, would resutl in the collapsing of the municipal liability standard into a simple *respondent superior* standard.").

regarding municipal liability.[33] Therefore, Defendant's Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's § 1983 claims.

### III.    State Law Claims

Having dismissed Plaintiff's § 1983 claims against the City, the basis for federal jurisdiction in this case, only Plaintiff's state law claim against the City of Memphis remain.  It is settled law that the district court may exercise jurisdiction over a pendent state law claim, even after the basis for federal jurisdiction has been eliminated, if recommended by a careful consideration of factors such as judicial economy, convenience, fairness, and comity.[34] Generally, if the federal claims are dismissed before trial, the state claims should be dismissed as well.[35]  Therefore, Plaintiff's claims against the City of Memphis brought under Tennessee law are dismissed.

### VI. Defendant Officers Adams, Howard, and Monistere's Motion to Dismiss

Defendant Officers Adams, Howard, and Monistere filed Motions to Dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 3 of the Tennessee Rules of Civil

---

[33] *See also Hutchinson v. Metro. Gov't of Nashville & Davidson County*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) (dismissing § 1983 claim for *Monell* liability based on improper traffic stop); *Johnson v. Metro. Gov't of Nashville & Davidson County*, No. 10-0589, 2010 WL 3619790, at *3 (M.D. Tenn Sept. 13, 2010); *Ghaster v. City of Rocky River*, No. 09-2080, 2010 WL 2802685, at *7 (N.D. Ohio May 12, 2010); *Williams v. City of Cleveland*, No.09-1310, 2009 WL 2151778 (N.D. Ohio Jul 16, 2009) (plaintiff failed to state a *Monell* claim where he made "no factual allegation that can support the conclusion that the City has a policy or custom of ignoring exculpatory evidence and continuing with prosecutions").

[34] See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966).

[35] *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6 th Cir. 1992) (citing *Gibbs*, 383 U.S. at 726).

Procedure.[36]  The Defendant Officers argue that Plaintiff did not timely serve them.  Defendants were never served while the case was before the circuit court and upon removal, the officers were not served within the 120 day period provided under Rule 4(m) of the Federal Rules of Civil Procedure.[37]  Plaintiff finally caused summons to be issued as to the Defendant Officers on June 20, 2011.[38]  Defendant Officers argue that Plaintiff's case against the Officers in their individual capacities should be dismissed because of Plaintiff's failure to serve them within the prescribed time limit.[39]  Furthermore, the Defendant Officers argue that pursuant to Rule 4(m) dismissal with prejudice is warranted due to the Plaintiff's failure to serve the officers within 90 days after the Complaint was filed, effectively failing to toll the applicable one year statute of limitations under Rule 3 of Tennessee Rules of Civil Procedure.[40]  Additionally, the Defendant Officers contend that the Plaintiff failed to establish "good cause" for her failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure and that Defendant Officers have been prejudiced by Plaintiff's failure to effect timely service.[41]

In her Response to the Defendant Officers' Motions to Dismiss, Plaintiff contends that "Shelby County Circuit Court had not properly removed all of defendants to federal court until April 25, 2011.  Plaintiff could not have served the remaining defendants until the removal [sic] properly

---

[36] D.E. # 11 & 12.

[37] D.E. # 11-1 at 3 & 12-1 at 3.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 5-6.

[41] D.E. # 16 at 2 &5.

completed."[42]  Despite Plaintiff's argument that the full case was not removed to federal court, she concedes that "pursuant to 28 [sic] USC § 1441, once defendant City of Memphis filed the Notice of Removal, the matter becomes one of federal jurisdiction and service of process is governed by F.R.C.P. 4(m)."[43]  Plaintiff argues that it would have been improper to issue a federal summons while the matter was still on the circuit court docket.  Plaintiff has cited no legal authority in support of this position.   Plaintiff finally argues that although the Defendant Officers were not served until June 20, 2011 and July 21, 2011, respectively, they possessed actual knowledge of the complaint against them through the City Attorney.[44]

The Court holds that dismissal of Plaintiff's claims against the Defendant Officers is required.  Plaintiff originally filed her Complaint on June 5, 2009, in the Circuit Court of Shelby County Tennessee.  On May 17, 2010, over eleven months after she filed suit, Plaintiff finally served the City of Memphis with summons.  Approximately one month later, the City filed its Notice of Removal to this Court.  The Notice of Removal clearly indicated that "the remaining defendants have not been served."[45]  When "service of process has not been perfected prior to removal to federal court, such service is governed by the Federal Rules of Civil Procedure."[46] Rule 4(m) provides that a plaintiff has 120 days after a complaint is filed to in federal court to complete service.[47]  The Sixth

---

[42] D.E. #15 at 2-3.

[43] D.E. # 15 at 3.

[44] *Id.*

[45] D.E. # 1 at 2.

[46] *Medlen et al. v. Estate of Myles Meyers et al.*, 273 F. App'x 464, 470 (6th Cir. 2008).

[47] *Id.*

Circuit in an unreported decision has construed Rule 4(m) to give plaintiffs in removed cases 120 days after the date of removal to complete service.[48]  Assuming  Rule 4(m)'s 120-day period started on the day of removal, June 17, 2010, Plaintiff failed to serve Defendant Officers Adams and Howard until June 20, 2011, and Officer Monistere until July 21, 2011.  In other words, Plaintiff only affected service of process on these Defendants two years after the initial complaint was filed in state court and over one year after removal to federal court.   Service was accomplished well-beyond the 120-day time limit.

Moreover, Plaintiff has failed to show good cause for her failure to serve the Defendant Officers within the 120-day period set forth by Rule 4(m).  Plaintiff contends that her claims against the Defendant Officers remained in Shelby County Circuit Court because of an administrative error. Plaintiff has attached an unsworn copy of the circuit court's docket sheet, which clearly indicates that the case was removed to this Court in 2010.[49]  Plaintiff cites no support for her theory of "partial removal."  Having failed to show good cause for extending the time for service, dismissal pursuant to Rule 4(m) is required.  Therefore, Defendant Officers Adams, Howard, and Monistere's Motions to Dismiss are **GRANTED** and Plaintiff's claims against them are dismissed without prejudice**.**[50]

---

[48] *Id.*

[49] D.E. # 15-2 at 4.

[50] Defendants have cited Tennessee Rule of Civil Procedure 3, a state procedural rule regarding the tolling of Tennessee's statute of limitations. The Court need not reach the issue of the applicability of TRCP 3 because Federal Rule 4(m) mandates dismissal without prejudice.

## CONCLUSION

Defendant City of Memphis's Motion for Judgment on the Pleadings is **GRANTED**. Plaintiff's federal claims against the City of Memphis are hereby dismissed with prejudice. The Court declines to exercise jurisdiction over Plaintiff's state law claims against the City and dismisses those claims without prejudice.  Defendant Officers Adams, Howard, and Monistere's Motions to Dismiss for failure to affect timely service are **GRANTED**.  Plaintiff's claims against the Defendant Officers are dismissed without prejudice pursuant to Rule 4(m) .

   **IT IS SO ORDERED.**

            **s/ S. Thomas Anderson**
            S. THOMAS ANDERSON
            UNITED STATES DISTRICT JUDGE

            Date: November 15, 2011.

14